UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2146-D

**Willie James Dean, Jr.**,

               Petitioner,

v.

**Carlton Joyner**,

               Respondent.

**Memorandum & Recommendation**

    Petitioner Willie James Dean, Jr., a state inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1). This matter is before the court upon respondent's motion for summary judgment (D.E. 18). For the following reasons, the undersigned recommends that the district court grant respondent's motion for summary judgment (D.E. 18) and deny Dean's petition (D.E. 1).

**I.    Background**

    On September 5, 2014, in North Carolina Superior Court, Dean pled guilty to second-degree murder, robbery with a dangerous weapon ("RWDW"), assault with a deadly weapon inflicting serious injury ("AWDWISI"), and malicious conduct by a prisoner. Pet. at 1, D.E. 1. Pursuant to the terms of his plea bargain, the Superior Court sentenced Dean to consecutive terms of 160-204 months imprisonment for second degree murder and malicious conduct by a prisoner and 70-96 months imprisonment for RWDW. Resp't. Ex. 3, D.E. 20-3.[1] Dean did not appeal. Pet. at 2, D.E. 1.

    Dean filed a *pro se* motion for appropriate relief ("MAR") in Superior Court on April 28, 2015. Pet'r. Ex. at 1-3. D.E. 1-1. The court denied the MAR on April 30, 2015. *Id.* On May 22,

---

[1] Dean was sentenced to a concurrent term of 20-33 months for AWDWISI. Resp't. Ex. 3, D.E. 20-3.

2015, Dean filed a *pro se* certiorari petition in the North Carolina Court of Appeals, which the court denied on June 8, 2015. Resp't. Ex. 6, D.E. 20-6. The instant petition was filed on July 9, 2015 (D.E. 1). This court concluded that the petition survived initial review on April 18, 2016, and the Clerk of Court was instructed to maintain management of the matter (D.E. 7). Respondent filed the instant motion for summary judgment on June 6, 2016 (D.E. 18), and Dean filed a timely response (D.E. 25). Accordingly, this matter is ripe for adjudication and has been referred to the undersigned.

## II. Discussion

### A. Motion for Summary Judgment

#### 1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of

clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." *Id.* at 407; *see White v. Woodall*, 134 S. Ct. 1697, 1702–07 (2014); *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam). A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. *Id.* The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

*Bell v. Jarvis*, 236 F.3d 149, 160 (4th Cir. 2000), *cert. denied*, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

3

## 2. Analysis

### a. Ineffective Assistance of Counsel

In his first ground for relief, Dean asserts that he received ineffective assistance of counsel. Pet. at 5, D.E. 1. Specifically, Dean asserts that he "was ill-advised by defense counsel to plead guilty to a 2nd degree murder charge." *Id.* He also contends that counsel failed to notify him of his right to appeal. *Id.* at 6. Dean raised these claims in the MAR court, and they were summarily denied.

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Ineffective assistance of counsel claims are extremely difficult to establish in the context of a section 2254 petition. Specifically, the Supreme Court has stated that, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quotation and citation omitted).

4

These claims are foreclosed by Dean's sworn statements during his guilty plea colloquy. Dean swore under oath that he could hear and understand the judge presiding over his guilty plea. Resp't. Ex. 1 at 2, D.E. 20-1. He also indicated that he had a college education and was not under the influence of alcohol, drugs, medicines or any other substances. *Id.*[2] In addition, Dean swore his lawyer explained to him the nature of the charges against him and each element of each charge. *Id.* at 1-2. Counsel also discussed possible defenses with Dean. *Id.* Dean testified that he understood these explanations, and was in fact guilty of each charge. *Id.* Supplementing Dean's testimony is defense counsel's certification that that she explained to Dean the nature and elements of the charges to which Dean pled guilty. *Id.* Dean further testified that the only terms or conditions of his plea bargain were as follows:

> Plead guilty to the reduced charge of 2nd degree murder and RWDW. Sentence shall be 160-204 months on the 2nd degree murder charge, and 70-96 months on the RWDW charge to run consecutive to one another. Credit for time served from July 7, 2012. Charges of first[-degree] kidnapping (12 CRS 58318) and conspiracy to commit RWDW are dismissed.

*Id.* at 2. Similarly, Dean swore no one made any other promises or threatened him in any way to cause him to enter the plea against his will. *Id.* at 2. Both defense counsel and the prosecutor certified that the terms and conditions stated in the transcript of Dean's plea colloquy were correct. *Id.* at 3. As noted above, Dean received the full benefit of his plea bargain and was sentenced to consecutive terms of imprisonment of 160-204 and 70-96 months. Resp't. Ex. 3, D.E. 20-3.

A valid guilty plea constitutes the admission of the material elements of a crime. *See McCarthy v. United States*, 394 U.S. 459, 466 (196). A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. *See Tollett v. Henderson*,

---

[2] Dean indicated that he normally took Depakote daily to treat his bi-polar condition, but he had not taken his medication the day he pled guilty. Resp't. Ex. 1 at 1-2, D.E. 20-1. Regardless, he swore under oath that he fully understood the proceedings. *Id.*

5

411 U.S. 258, 267 (1973); *Meyer v. Branker*, 506 F.3d 358, 367 (4th Cir. 2007) ("[I]t is well known that a defendant's guilty plea itself serves as a 'conviction,' supplying 'both evidence and verdict.'") (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 243 n. 4 (1969)). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. The record reflects that Dean's guilty plea was knowing and voluntary. Resp't. Ex. 1 at 2, D.E. 20-1. Furthermore, Dean specifically testified at his plea hearing that he was satisfied with his attorney's services. *Id.* Dean's in-court representations during his plea hearing are deemed conclusive.

Moreover, Dean has not presented evidence to establish that his attorney acted unreasonably even if this claim were not foreclosed by his guilty plea. On the contrary, the record indicates that Dean was zealously represented. For example, as a result of counsel's plea negotiations, the state dismissed charges of first-degree kidnapping and conspiracy to commit RWDW. Resp't. Ex. 1 at 4-5, D.E. 20-1.

Likewise, Dean has not established that counsel was ineffective for failing to file a direct appeal or failing to inform him of his statutory right to appeal. The United States Supreme Court in *Roe v. Flores–Ortega*, 528 U.S. 470 (2000), discussed an attorney's obligation to consult with his client about an appeal. In particular, the court in *Flores–Ortega*, provided:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

6

*Flores–Ortega*, 528 U.S. at 480. In assessing whether an attorney had a constitutional duty to consult, the Court [in *Flores–Ortega*] indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. In cases involving guilty pleas, the Court instructed lower courts to consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights. *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (internal quotation marks omitted).

Here, Dean has not presented evidence to establish either prong of the *Flores–Ortega* test. First, Dean has provided no evidence to establish that a rational defendant in his position would have wanted to file an appeal. Rather, the evidence in the record suggests otherwise. For instance, in exchange for Dean's guilty plea, the state dismissed several changes, significantly reducing the amount of imprisonment that Dean was facing for his crimes. Resp't. Ex. 1 at 4-5, D.E. 20-1. Indeed, Dean was initially indicted for first degree murder, and he indicates that plea negotiations in this matter foreclosed the possibility that he would receive the death penalty. Pet. at 5, 8, D.E. 1. The trial court judge specifically advised Dean of his right to appeal and that if Dean pled guilty there would be limitations on that right. Resp't. Ex. 1 at 2, D.E. 20-1. Dean swore that he understood the limitations on his right to appeal. *Id.* Moreover, the record reflects that Dean received a sentence within the terms set forth in his plea agreement. Resp't. Ex. 3, D.E. 20-3. Thus, Dean has failed to establish that a rational defendant in his circumstances would have wanted to file an appeal. *See Pencille v. Warden Lee Corr. Inst.*, No. C/A No. 1:09-1862-RBH-SVH, 2010 WL 4386942, at *12 (D.S.C. Aug. 4, 2010) ("Even if Petitioner could show that his counsel's duty to consult were not excused under the circumstances, Petitioner must still demonstrate that he was prejudiced. . . . .The defendant may do this by demonstrating either that

7

a) there were non-frivolous issues for appeal, or b) he had adequately indicated his interest in appealing.") (internal quotation omitted)), *appeal dismissed*, 440 F. App'x 182 (4th Cir. 2011).

Dean, secondly, does not argue that he expressed interest in filing an appeal or directed his counsel to file an appeal on his behalf. Trial counsel does not provide ineffective assistance by failing to notice an appeal in the absence of a request to do so from the client. *See Wood v. Woodson*, No. 3:14–cv–136–JAG, 2014 WL 5410633, at *5 (E.D. Va. Oct. 23, 2014) (rejecting ineffective assistance claim premised on failure to file appeal where no facts showed the petitioner requested counsel to appeal). Because there is no evidence that Dean reasonably demonstrated to his counsel that he was interested in appealing, petitioner cannot establish the second prong of the *Flores–Ortega* test. Thus, counsel did not breach any duty to consult with petitioner regarding Dean's appellate rights. For these reasons, Dean's ineffective assistance of counsel claims are without merit.

In sum, the MAR court's adjudication of these claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion for summary judgment should be granted with regard to Dean's ineffective assistance of counsel claims.

### b. Involuntary Guilty Plea

In his second ground for relief, Dean asserts that his guilty plea was involuntary. Pet. at 7, D.E. 1. Specifically, he asserts that his guilty plea was involuntary because he "was under the influence of psychotropic medications." *Id.* This claim directly contradicts Dean's plea colloquy. As described in more detail above, the record reflects that Dean's guilty plea was knowing and

voluntary. Moreover, Dean specifically testified at his plea hearing that he was not under the influence of alcohol, drugs, narcotics, medicines, pills or any other substance. Resp't. Ex. 1 at 2, D.E. 20-1. He also testified that understood all of the questions asked of him during his guilty plea colloquy. *Id.* at 4. Dean's "belated and conclusory allegations of foggy thinking [are] in complete contradiction of his prior sworn statements." *Lawson v. Young*, No. 7:15CV00443, 2016 WL 3410348, at *6 (W.D. Va. June 20, 2016) (dismissing § 2254 claim where petitioner alleged, in contradiction of his prior sworn statements, "that because of his medication for bipolar disorder and depression, he was having trouble thinking."). Dean's in-court representations during his plea hearing are deemed conclusive. Therefore, this claim is without merit, and respondent's motion for summary judgment should be granted with regard to Dean's claim that his guilty plea was involuntary. *See id.*[3]

### c. Lack of Subject-Matter Jurisdiction

In his third ground for relief, Dean contends that the state court lacked jurisdiction due to various defects in his indictment. Pet. at 8-9, D.E. 1. Dean raised this claim in the MAR court, and it was summarily denied.

There is no federal constitutional requirement for indictment in a state criminal proceeding. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1973) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth

---

[3] Dean did not raise this claim in his MAR. A prisoner must exhaust the remedies available to him in state court before he files a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. *See id.* In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. *See* N.C. Gen. Stat. §§ 7A-31, 15A-1422. Because Dean did not raise this claim in his MAR, it may be alternatively dismissed as procedurally barred. *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by, Miller-El v. Dretke*, 545 U.S. 231 (2005).

9

Case 5:15-hc-02146-D   Document 28   Filed 01/03/17   Page 9 of 14

Amendment's provision for presentment or indictment by a grand jury."). All that is constitutionally required is that the defendant receive adequate notice of the charges in order to allow him to prepare a defense. *See Russell v. United States*, 369 U.S. 749 (1962); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Hartman v. Lee*, 283 F.3d 190, 195 n. 5 (4th Cir .2002). Therefore, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir.1985). Here, Dean has failed to establish that the indictments against him were "so egregiously unfair as to amount to a deprivation of [his] right to due process." *Ashford*, 780 F.2d at 407. Moreover, Dean waived any claim relating to his indictments when he pled guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Caldwell v. Roberts*, No. CV 1:14-4277-RMG, 2016 WL 927151, at *6 (D.S.C. Mar. 7, 2016).

In sum, the MAR court's adjudication of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion for summary judgment should be granted with regard to Dean's contention that the state court lack jurisdiction due to various defects in his indictment.

### d. Equal Protection Violation

Finally, alleges that "equal protection of the law was violated due to the fact that other 1st time felony offenders with similar crimes in similar circumstances received lesser sentences for worse crimes." Pet. at 10, D.E. 1.

"To succeed on an equal protection claim, [petitioner] 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Veney v. Wyche*, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). A petitioner additionally must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). Mere conclusory allegations of discrimination are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-681 (2009).

Here, Dean has failed to allege any facts or to provide any evidence to suggest that his sentence was based on purposeful discrimination. Indeed, petitioner simply states that his equal protection rights were violated with virtually no elaboration. These conclusory allegations are insufficient to state a constitutional claim. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), *overruled on other grounds by, Gray v. Netherland*, 518 U.S. 152, 165-66 (1996); *Williams v. State of N. Carolina*, No. 5:14-HC-2224-FL, 2016 WL 676379, at *2 (E.D.N.C. Feb. 18, 2016) ("The United States Supreme Court specifically has upheld as constitutional the practice of judges imposing consecutive sentences for multiple crimes . . . [and] petitioner provides no facts to support a finding that his consecutive sentences violate the equal protection clause."). Therefore, this claim is without merit, and respondent's motion for summary judgment should be granted with regard to Dean's equal protection claim. *See id.*[4]

---

[4] Dean did not raise this claim in his MAR, and this this claim may be alternatively dismissed because it is procedurally barred. *See, e.g., Woodford*, 548 U.S. at 92.

B.     **Certificate of Appealability**

The court now determines whether Dean is entitled to a certificate of appealability. Rule 11 of the Habeas Rules provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that Dean is not entitled to relief, the court considers whether Dean is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show that the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of

12

Dean's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the undersigned recommends that a certificate of appealability be denied.

## III. Conclusion

Based on the foregoing, the undersigned recommends that the district court grant respondent's motion for summary judgment (D.E. 18) and deny Dean's § 2254 petition (D.E. 1, 4). The court also recommends that a certificate of appealability be denied.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the**

13

Case 5:15-hc-02146-D   Document 28   Filed 01/03/17   Page 13 of 14

**Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: January 3, 2017

*/s/ Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge