IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2146-D

WILLIE JAMES DEAN, JR.,       )
                              )
            Petitioner,       )
                              )         **ORDER**
    v.                        )
                              )
CARLTON JOYNER,               )
                              )
            Respondent.       )

On January 3, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 28]. In that M&R, Judge Numbers recommended that respondent's motion for summary judgment [D.E. 18] be granted and that Willie James Dean, Jr.'s ("Dean") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. On January 17, 2017 Dean filed objections to the M&R [D.E. 29]. As explained below, the court overrules Dean's objections, adopts the findings and conclusions in the M&R, and grants respondent's motion for summary judgment.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Dean's objections reiterate arguments stated in his petition, and his objections do not meaningfully address the M&R. Compare [D.E. 29], with [D.E. 1]. Because Dean's boilerplate objections do not meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Dean's objections lack merit. Dean, a state inmate proceeding pro se, pleaded guilty in Cumberland County Superior Court to second degree murder, robbery with a dangerous weapon ("RWDW"), assault with a deadly weapon inflicting serious injury ("AWDWISI"), and malicious conduct by a prisoner on September 5, 2014. Pet. [D.E. 1] 1. Pursuant to the terms of his plea bargain, Dean was sentenced to consecutive terms of 160-204 months imprisonment for second degree murder and malicious conduct by a prisoner and 70-96 months imprisonment for RWDW. [D.E. 20-3]. Dean was also sentenced to a concurrent term of 20–33 months imprisonment for AWDWISI. Id. Dean did not appeal. Pet. at 2.

In his habeas petition, Dean argues: (1) ineffective assistance of counsel concerning his guilty plea; (2) ineffective assistance of counsel because counsel failed to notify him of his right to appeal; (3) his guilty plea was involuntary; (4) the state court lacked subject-matter

2

jurisdiction due to various alleged defects in his indictment; and, (5) he was denied equal protection. See [D.E. 1].

The M&R applies the appropriate standard of review. See M&R 2–3. Dean's sworn statements during his guilty plea colloquy doom his claim that his guilty plea was involuntary. See [D.E. 20-1]. As the M&R notes, the record demonstrates that Dean's guilty plea was knowing and voluntary. [D.E. 20-1]; M&R 8–9; see Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). As for Dean's claim that counsel rendered ineffective assistance concerning his guilty plea, the claim fails as to performance and prejudice. See M&R 4–6; Premo v. Moore, 131 S. Ct. 733, 739–46 (2013).

As for Dean's claim that counsel was ineffective by failing to notify him of his statutory right to appeal, the claim fails. See M&R 6–8. Dean does not argue that he explicitly directed counsel to file an appeal on his behalf. See id. Rather, Dean argues that counsel violated his duty to consult with Dean regarding an appeal. See id.

> In Roe v. Flores–Ortega, 528 U.S. 470 (2000), the Supreme Court stated that:
>
> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Id. at 480. Dean has not presented any evidence to establish either prong under Flores-Ortega. Indeed, the record evidence suggests otherwise. See [D.E. 20-1]; M&R 6–7. Thus, the claim fails.

As for Dean's attack on the state court's subject-matter jurisdiction, the M&R properly analyzed and rejected the argument. See M&R 9–10.

Finally, Dean alleges that "Equal Protection of the Law was violated, due to the fact that other 1st. time felony offenders with similar crimes in similar circumstances received lesser

3

sentences for worser crimes." Pet. 10 (quotation omitted). "To succeed on an equal protection claim, [Dean] 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (quotation omitted). Dean has failed to allege any facts or to provide any evidence to suggest that his sentence was based on purposeful discrimination, and the record lacks any support for this claim. See M&R 10–12. Accordingly, the claim fails.

In sum, after reviewing the M&R, the record, and Dean's objections, the court ADOPTS the findings and conclusions in the M&R [D.E. 28] and OVERRULES Dean's objections [D.E. 29]. Respondent's motion for summary judgment [D.E. 18] is GRANTED, and Dean's petition is DISMISSED. The court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 6 day of February 2017.

JAMES C. DEVER III
Chief United States District Judge